Filed 10/18/24  P. v. Terrell CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B332851 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA379758-01) |
| v. | |
| KEISHON TERRELL, | ORDER MODIFYING OPINION |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed on October 7, 2024, is modified as follows.

On page 2, the first sentence of the first paragraph is revised to read:

> A trial jury in 2013 convicted defendant and appellant Keishon Anthony Terrell (defendant) of willful, deliberate, and

premeditated attempted murder of victim
Marcus Flagg.

On page 2, the second sentence of the second paragraph, is revised to read:

The petition argued defendant was
eligible for resentencing because he was
convicted of willful, deliberate, and
premeditated attempted murder under
the natural and probable consequences
doctrine.

There is no change in the judgment.

_____
BAKER, Acting P. J.          KIM, J.          MOOR, J.

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B332851 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA379758-01) |
| v. | |
| KEISHON TERRELL, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed.

Roberta Simon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A trial jury in 2013 convicted defendant and appellant Keishon Anthony Terrell (defendant) of the willful, deliberate, and premeditated murder of victim Marcus Flagg. The jury also found true allegations that the crime was gang-related (Pen. Code,[1] § 186.22, subd. (b)(1)) and that a principal in the crime discharged a handgun causing great bodily injury.[2] Defendant was sentenced to life in prison for the attempted murder plus a consecutive term of 25 years to life in prison for the firearm enhancement.

Defendant filed a section 1172.6 (former section 1170.95) petition for resentencing in January 2022. The petition argued defendant was eligible for resentencing because he was convicted of willful, deliberate, and premeditated murder under the natural and probable consequences doctrine. (See generally *People v. Lovejoy* (2024) 101 Cal.App.5th 860, 865; *People v. Coley* (2022) 77 Cal.App.5th 539, 548 ["[Former s]ection 1170.95 applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].) The prosecution opposed defendant's petition, contending his jury was not instructed on the natural and probable consequences doctrine and he was instead convicted on a direct aiding and abetting theory of liability. Appointed counsel for defendant filed a response to the opposition arguing there was insufficient evidence to support finding defendant guilty of attempted murder on a direct aiding and abetting theory.

---

[1]    Undesignated statutory references that follow are to the Penal Code.

[2]    The jury found lesser "principal armed" firearm allegations (mere discharge and use) true too.

2

The trial court held a hearing and denied defendant's section 1172.6 petition. The court found "the instructions and the findings of the jury seem to be unanimous that . . . [defendant] had the necessary intent and was a direct aider and abettor in the commission of the offense. [¶] Therefore, I'm not finding a prima facie showing . . . ."

Defendant noticed an appeal from the trial court's ruling. Defendant's attorney filed a brief raising no issues and, in an accompanying declaration, attested to having reviewed the entire appellate record as well as the jury instructions, verdicts, and closing arguments from the underlying trial. Defendant's attorney asked this court to process the appeal in accordance with the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216. Defendant was thereafter permitted to personally file a supplemental brief, which he did on June 24, 2024.

Defendant's four paragraph supplemental brief complains that his attorney did not exercise due diligence in representing him by failing to "pursu[e] all avenues to present crucial evidence."[3] He does not specify what evidence should have been presented, but he maintains the trial court's denial of an evidentiary hearing on his petition "violat[ed] his rights under the law and under principles of justice." He asks this court to undertake an independent review of the record.

Defendant's mostly conclusory complaint about the performance of the attorney representing him below, assuming it

---

[3]     Defendant's supplemental brief specifically faults his appointed attorney for failing to "secur[e] time for an investigator." The record belies the assertion; defendant's attorney did seek and obtain the assistance of an investigator.

3

is cognizable in this proceeding, is unsupported by the appellate record and fails for that reason.  (*People v. Carter* (2005) 36 Cal.4th 1114, 1189.)  Defendant makes no specific argument for why the trial court erred in not holding an evidentiary hearing, and we do not attempt to develop the argument ourselves.  (See, e.g., *People v. Flint* (2018) 22 Cal.App.5th 983, 1006, fn. 17.)  We decline defendant's request to independently review the record for unidentified error.  (*Delgadillo, supra,* 14 Cal.5th at 232 ["The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues"].)

DISPOSITION

The trial court's order is affirmed.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, Acting P. J.

We concur:



MOOR, J.



KIM, J.


5